-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SIMONE MCKENZIE,

        Petitioner,

        -v-

MARTIN HERRON, in his official capacity as
Facility Director, Buffalo Federal Detention Facility,
Batavia, New York, et al.,

        Respondents.

_____

**DECISION AND ORDER**
11-CV-0167M



Petitioner, a detainee at the Buffalo Federal Detention Facility subject to a

final order of removal, filed a petition for a writ of habeas corpus, pursuant to 28

U.S.C. § 2241, challenging his continued detention pending removal, and the

Court (Hon. Michael A. Telesca) entered an order directing respondents to file an

answer and memorandum of law in opposition to the petition within 45 days.

Petitioner now moves for a stay of his removal pending disposition of the petition.

(Docket No. 3.)  For the following reasons, the motion is denied without prejudice

to re-filing with the appropriate United States Court of Appeals.

On May 11, 2005, Congress enacted the Real ID Act, which became

effective that same day.  REAL ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119

Stat. 231 (2005).  Specifically, section 106(a)(1)(B), amends § 242(a) of the

Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1252

(2000), and adds the following jurisdictional provision:

> (5) Exclusive Means of Review – Notwithstanding any other provision
> of law (statutory or nonstatutory), including section 2241 of Title 28,
> United States Code, or any other habeas corpus provision, and
> sections 1361 and 1651 of such title, a petition for review filed with
> an appropriate court of appeals[1] in accordance with this section
> shall be the sole and exclusive means of judicial review of an order
> of removal entered or issued under any provision of this Act . . . .

REAL ID Act, § 106(a)(1)(B)(5). *See Gittens v. Menifee*, 428 F.3d 382, 383 (2d

Cir.2005) ("The REAL ID Act 'eliminates habeas corpus review of orders of

removal ....' " (quoting *Marquez-Almanzar v. INS*, 418 F.3d 210, 212 (2d

Cir.2005))).

This Court and other district courts throughout the country have routinely

held that because district courts have no jurisdiction to review final orders of

removal, they have no jurisdiction to review requests for stays of removal. *E.g.,*

*Thomas v. Spitzer*, 2008 WL 4360550, at *2 (S.D.N.Y. Sept. 23, 2008) (Order

adopting report and recommendation) (only circuit courts have jurisdiction to

issue stay of removal); *Sikder v. Gonzalez*, No. 05cv01833WYDMJW, 2006 WL

1149153, at *5 (D. Col., April 28 ,2006) ("Nevertheless, pursuant to the [REAL ID]

Act, this court is without jurisdiction to hear the petitioner's claims or to grant him

the relief he seeks in his motion, such as a stay of the order of removal.") (Order

---

[1]The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA, § 242(b)(2), 8 U.S.C. § 1252(b)(2).

Affirming and Adopting Magistrate Judge's Report and Recommendation) (citations omitted); *Morillo v. DHS & Bice Detention Center,* No. 9:06-CV-340 (NAM)(DEP), 2006 WL 1007645, at *1 (N.D.N.Y., April 17, 2006) ("[m]oreover, to the extent that Petitioner is only seeking a stay of his removal, this Court would also be without jurisdiction to address this request."); *Rodney v. Gonzalez,* No. 05 CV 3407, 2006, WL 73731, at *2 (E.D.N.Y. Jan. 10, 2006) ("By depriving district courts of jurisdiction to hear cases challenging final orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of removal in such cases.  Under INA § 242(b)(3)(B), 8 U.S.C. § 1252(b)(3)(B), the only court that may issue a stay is the court that will issue a 'decision on the petition.'"); *Aime v. Department of Homeland Security,* No. 05-CV-0544F, 2005 WL 1971894, *1 (W.D.N.Y. Aug. 16, 2005) ("since petitioner challenges an order of removal within the meaning of the REAL ID Act, § 106(b) . . . this Court has no jurisdiction to review the merits of the petition or to stay the order of removal.").

Accordingly, petitioner's request for a stay of removal (Docket No. 3) is denied without prejudice to re-filing with the appropriate Court of Appeals.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated:   April 15 , 2011

3